UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LELLA STANSBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-1648 CDP |
| | ) | |
| PROFESSIONAL RECOVERY | ) | |
| CONSULTANTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Lella Stansberry filed this action against defendant Professional

Recovery Consultants, Inc. (PRC), in Missouri state court on August 1, 2012.  PRC

removed on September 13.  Two months later, Stansberry filed a motion to enforce

settlement, arguing that the parties had settled prior to removal.  PRC opposed that

motion on its merits but, more fundamentally, also disputed that Stansberry had

standing to file such a motion.  PRC asserts that once Stansberry filed for Chapter

7 bankruptcy on October 26, this action became part of the bankruptcy estate.

Therefore, PRC contends, Stansberry is no longer the real party at interest, and

only the bankruptcy trustee can continue to prosecute this case.

PRC is correct that when a debtor files for Chapter 7 bankruptcy, "all of the

debtor's assets become part of the bankruptcy estate."  *Schwab v. Reilly*, 130 S. Ct.

2652, 2657 (2010) (citing 11 U.S.C. § 541(a)(1)).  This includes causes of action

pending at the time of filing.  *See In re Ozark Rest. Equip. Co.*, *Inc.*, 816 F.2d 1222, 1225 (8th Cir. 1987).  Only the bankruptcy trustee may represent the bankruptcy estate.  *See In re B.J. McAdams*, 66 F.3d 931, 935 (8th Cir. 1995).  *See also* 11 U.S.C. § 323(a).  Indeed, "the bankruptcy trustee steps into the shoes of the debtor for purposes of asserting or maintaining the debtor's causes of action." *Richardson v. United Parcel Service*, 195 B.R. 737, 739 (E. D. Mo. 1996).  As a result, the debtor no longer has standing to prosecute actions on behalf of the estate.  Here, when Stansberry filed for Chapter 7 bankruptcy, she "forfeited [her] standing as a 'real party in interest.'" *Hunt v. Up North Plastics*, 177 F.R.D. 449, 451 (D. Minn. 1997) (quoting Fed. R. Civ. P. 17(a)).

But contrary to PRC's assertions, Stansberry's current lack of standing is not dispositive on the pending motion to enforce settlement.  The bankruptcy trustee may decide to be substituted and pursue the motion.  *See, e.g.*, *id.* at 450. Alternatively, Stansberry may regain standing to pursue the motion herself, if the bankruptcy trustee abandons this action altogether.  *See* 11 U.S.C. § 554(a). Currently, though, I am "[f]aced with a claim, as to which there is no current party with standing to lawfully prosecute." *Hunt*, 177 F.R.D. at 451.  Given the situation, "this case necessarily enters a period of quiescence." *Id.*

In light of the foregoing, and as discussed at a telephone conference with counsel this same date,

**IT IS HEREBY ORDERED** that, in the event the bankruptcy trustee does not seek to be substituted, plaintiff shall file documentation indicating that the trustee has abandoned this cause of action to her, or has otherwise authorized her to prosecute this action, no later than **February 11, 2013**.  Once the standing issue is resolved, I will set an evidentiary hearing on plaintiff's motion to enforce settlement.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 14th day of December, 2012.